IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONIA M. REAVES,                )
                                )
            Plaintiff,           )
                                )
     v.                          )     1:13CV192
                                )
JPMORGAN CHASE BANK, N.A.,       )
                                )
                                )
            Defendant.           )

ORDER

BEATY, District Judge.

  This matter is before the Court on a Memorandum Opinion and Recommendation of the United States Magistrate Judge (the "Recommendation") [Doc. #13], which was filed and served on the parties pursuant to 28 U.S.C. § 636(b). In the Recommendation, the Magistrate Judge recommended that the Court grant Defendant's Motion to Dismiss [Doc. #2] with regard to Plaintiff's claims for negligent misrepresentation, unfair and deceptive trade practices, negligent infliction of emotional distress, punitive damages, and reasonable reliance. As to Plaintiff's claims for breach of contract and declaratory relief, the Magistrate Judge recommended that Defendant's Motion to Dismiss [Doc. #2] be denied. Following the filing of the Recommendation, both Plaintiff and Defendant filed Objections [Docs. #15 & 16] to the recommended ruling. Additionally, Defendant filed a Response [Doc. #17] to Plaintiff's Objections. The Court has now reviewed the Recommendation, the Objections, the Response, and the record, and the Court has made a *de novo* determination which is in accord with the

Magistrate Judge's Recommendation. The Court, therefore, adopts the Magistrate Judge's Recommendation and concludes that Defendant's Motion to Dismiss should be granted in part and denied in part.

The facts surrounding this case are laid out extensively in the Recommendation. Accordingly, the Court will briefly summarize the significant details of this case as they relate to the present Order. Plaintiff's claims arise from a mortgage taken out on Plaintiff's residence in High Point, North Carolina. Plaintiff asserts that the mortgage is currently assigned to Defendant. In the past, Defendant allegedly brought two foreclosure actions against Plaintiff concerning this mortgage. After Defendant instituted the second foreclosure proceeding in September 2011, Plaintiff filed an action in state court ("superior court action") against Defendant for money she overpaid as a result of the first foreclosure action, and Plaintiff also asserted claims against Defendant for fraud, negligent misrepresentation, and duress.

In January 2012, Plaintiff and Defendant entered into a settlement agreement in conjunction with Plaintiff's superior court action. This settlement agreement ("Agreement") contained a paragraph entitled "Costs, Expenses, and Attorneys' Fees," which stated that "[e]ach party shall bear its own costs, expenses and attorneys' fees incurred in connection with this Lawsuit, its settlement and this Agreement." (Agreement [Doc. #9-10], at 3.) The Agreement makes clear that the term "Lawsuit" refers to Plaintiff's superior court action. In the same month as Plaintiff and Defendant entered into the Agreement, Defendant sent a letter to Plaintiff demanding her monthly mortgage payment and additional fees, which Plaintiff later learned were attorneys' fees relating to the aforementioned foreclosure action.

2

Plaintiff has now instituted the current action alleging a claim for breach of contract, in which she argues that Defendant has breached the above Agreement arising from Plaintiff's superior court action by attempting to collect attorneys' fees associated with the foreclosure actions instituted by Defendant.  Plaintiff also asserted claims for negligent misrepresentation, unfair and deceptive trade practices, negligent infliction of emotional distress, punitive damages, and reasonable reliance based on Defendant's actions in seeking such attorneys' fees.  Additionally, Plaintiff made a Motion for Declaratory Relief in her Complaint.  In connection in Plaintiff's Motion for Declaratory Relief, Plaintiff asserted that she entitled to "a clear and free title" of her property.  (Compl. [Doc. #1-1], at ¶105.)

The Defendant filed a Motion to Dismiss Plaintiff's Complaint, arguing that Plaintiff failed to state any claim upon which relief could be granted.  The Magistrate Judge then issued the above-described Recommendation, which the Court has adopted.  The Court, however, finds it beneficial to further discuss certain matters raised in the Defendant's Objections.

Initially, as to Plaintiff's breach of contract claim, Defendant argues in its Objections that the Magistrate Judge incorrectly found that the Agreement's language was ambiguous.  A contract provision is considered ambiguous if the language of the contract is "fairly and reasonably susceptible to either of the constructions asserted by the parties." Carolina Place Joint Venture v. Flamers Charburgers, Inc., 551 S.E. 2d 569, 571 (2001) (internal quotation omitted).  "Whether the language of a contract is ambiguous or unambiguous is a question for the Court to determine.  In making this determination, words are to be given their usual and ordinary meaning and all the terms of the agreement are to be reconciled if possible." Anderson

3

v. Anderson, 550 S.E.2d 266, 269-70 (2001) (internal citation and quotations omitted).

Defendant asserts that the term "Lawsuit" should only be found to refer to the Plaintiff's superior court action, as the term is defined in the Agreement. Thus, Defendant asserts the contract language is unambiguous concerning what fees were excluded from collection by the opposing party. Specifically, Defendant asserts that only the fees from that particular Lawsuit—the superior court action—are excluded. Defendant, however, fails to take into account the entire phrase at issue and, instead, focuses narrowly on a single word in the phrase, forgetting that "[i]ntent is derived not from a particular contractual term but from the contract as a whole." State v. Phillip Morris USA Inc., 618 S.E. 2d 219, 225 (N.C. 2005). As stated above the paragraph states that "[e]ach party shall bear its own costs, expenses and attorneys' fees incurred *in connection* with this Lawsuit, its settlement and this Agreement." (Agreement [Doc. #9-10], at 3.) (emphasis added). The Court agrees with the Magistrate Judge that, taken as a whole, this paragraph could be interpreted to cover both the fees from Plaintiff's superior court action and those from the foreclosure actions because such fees may be said to be connected to Plaintiff's superior court action.

Defendant also argues that Plaintiff's breach of contract claim should be dismissed because the Deed of Trust between the parties concerning Plaintiff's property, expressly provides for Defendant's recovery of fees and expenses associated with foreclosure actions. The Court finds that this objection is also without merit. As Defendant should be aware, "[a] contract may be modified by parol or subsequent conduct of the parties." Zinn v. Walker, 361 S.E. 2d 314, 336 (N.C. App. 1987). Accordingly, whether or not the earlier agreement between

4

the parties, in the form of a deed of trust, provides for the recovery of attorneys' fees associated with foreclosure actions, such term may have been modified by the later Agreement at issue in this action.

Defendant also objected to the Magistrate Judge's Recommendation insomuch as it recommended the denial of Defendant's Motion to Dismiss Plaintiff's Motion for Declaratory Relief contained in Plaintiff's Complaint. Defendant argues that Plaintiff's requested relief is too extreme and cannot be obtained by way of a declaratory judgment, and Defendant argues that the Motion for Declaratory Relief sought a remedy unavailable to Plaintiff in this action. These objections, however, go to appropriateness of particular remedies or relief sought by way of the Motion for Declaratory Relief. The objections do not speak to whether, generally, declaratory relief is available. Accordingly, as the Magistrate Judge noted, to the extent that Plaintiff requests a particular remedy, the Court construes the request as part of her prayer for relief. Accordingly, such particular requests do not require the dismissal of her Motion for Declaratory Relief in its entirety. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1225 (3d ed. 2014) ("Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.").

IT IS THEREFORE ORDERED that the Recommendation of the Magistrate Judge is AFFIRMED AND ADOPTED and Defendant's Motion to Dismiss [Doc. # 2] is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's Motion to Dismiss is granted as to Plaintiff's claims for negligent misrepresentation, unfair and deceptive trade practices,

negligent infliction of emotional distress, punitive damages, and reasonable reliance. Defendant's Motion to Dismiss, however, is denied as to Plaintiff's claims for breach of contract and declaratory relief.

    This, the 18th day of February, 2015.

_____<br>
United States District Judge